IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | CIVIL ACTION NO: |
| Plaintiff, | |
| v. | **COMPLAINT** <br> **JURY TRIAL DEMAND** |
| ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA, d/b/a ROSTER FINANCIAL, LLC | 08CV 962 |
| Defendant. | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the bases of race and retaliation and to provide appropriate relief to Patrick O. McGlashan, III who was adversely affected by such practices. As articulated with greater particularity in Paragraphs 7 and 8 below, the Commission alleges that Defendant Employer Allianz Life Insurance Company (Allianz) d/b/a Roster Financial, LLP, subjected Mr. McGlashan to disparate treatment based upon his race (black).

In addition, the Commission alleges that after Mr. McGlashan complained of race discrimination, Defendant retaliated against him by unfairly disciplining him, and thereafter terminating his employment. As a result of Defendant's discriminatory conduct, Mr. McGlashan has suffered damages, including backpay, frontpay, and severe emotional distress.

1

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to § 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. "§ 2000e-5(f)(1) and (3)" ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the District of New Jersey.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000(e)-5(f)(1) and (3).

4. At all relevant times, Defendant Employer has continuously been and is now doing business in the State of New Jersey, in the City of Voorhees, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, a charge of discrimination was filed with the Commission, alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least February of 2007, Defendant Employer has engaged in unlawful employment practices at its Voorhees, New Jersey facility in violation of Section 703(a)(1) of Title VII, 42 U.S.C. Section 2000e-2(a)(1) by discriminating against Patrick O. McGlashan, III on the basis of his race (black). The unlawful employment practices included, but are not limited to, the following:

(a) Defendant Employer, Allianz Life (d/b/a Roster Financial), specializes in the sale of insurance and financial planning products. Mr. McGlashan was hired by Defendant on or about March 10, 2003 as a Wholesaler. His duties included recruiting agents and registered representatives to contract with insurance carriers represented by Defendant.

(b) Allianz Life acquired Roster Financial on July 1, 2006. At that time, Mr. McGlashan's title was changed to Vice President of Annuity Sales, (VPAS) but his job requirements remained the same. At all times, Mr. McGlashan maintained an exemplary employee record, ranking either first or second highest in sales.

(c) Mr. McGlashan was the only black VPAS at the Voorhees, NJ location.

(d) Mr. McGlashan reported to Marty Kennedy (white), Senior Vice President of Annuity Sales, until February of 2007. In February 2007, he began reporting to Pamela Lamplugh, Vice President for Distribution Development, (white female) who, upon information

3

and belief had been transferred to the Voorhees, New Jersey facility from Defendant's North Carolina office.

(e) Immediately after taking over supervision of Mr. McGlashan, Lamplugh made solicitous and unprovoked inquiries of female employees in Mr. McGlashan's unit whether he had ever sexually harassed them. Ms. Lamplugh's sexual harassment inquiry was limited to Mr. McGlashan, who was the only black male employee working under her management. The female employees all denied that Mr. McGlashan had ever sexually harassed them.

(f) Within the first month as Mr. McGlashan's Manager, Lamplugh transferred at least five (5) accounts from Mr. McGlashan to similarly-situated non-black employees. When Mr. McGlashan asked for an explanation as to why these accounts were transferred, Defendant offered no explanation.

(g) Soon after Lamplugh took over the supervision of Mr. McGlashan, Steve Modell (white), Senior Vice President, advised Mr. McGlashan to "watch his back" because Lamplugh was targeting him based on his race for a possible negative performance review. Modell further suggested that Mr. McGlashan begin documenting his daily activities.

(h) Beginning in February 2007, Marty Kennedy subjected Mr. McGlashan to racially inappropriate behavior by imitating black rap musicians in the presence of Mr. McGlashan. In addition, he referred to Charging Party as his "bitch." Mr. McGlashan was very offended by this behavior.

(i) On March 26, 2007, Defendant rated him as "satisfactory" on his performance review, despite his rating as the second highest sales performer in the office. Concerned that race was the motivating factor in his review, Mr. McGlashan met with Mr. Kennedy the

following day and complained of race discrimination. Mr. Kennedy discussed his complaint with him, but took no further action to investigate.

8. Since at least April of 2007, Defendant Employer has further engaged in unlawful employment practices at its Voorhees, New Jersey facility, in violation of Section 704(a)(1) of Title VII, 42 U.S.C. Section 2000e-3(a) by retaliating against Mr. McGlashan after his complaint of race bias. The unlawful retaliatory practices include, but are not limited to, the following:

(a) In response to Mr. McGlashan's complaint of race discrimination, Mr. Kennedy wrote a highly critical memo to Defendant's Chief Operations Officer, Daryll Choiunard (white). Mr. Kennedy wrote that he was personally insulted by Mr. McGlashan's discrimination complaint, and accused Mr. McGlashan of making racist accusations against him.

(b) On April 4, 2007, less than a week after Mr. McGlashan's complaint, Ms. Lamplugh issued a disciplinary memo entitled "Clarification of Expectations," which was dated April 2, 2007, to Mr. McGlashan. He refused to sign the memo and in response, wrote a memo outlining his belief that Ms. Lamplugh issued the disciplinary write up because of his race.

(c) On April 4, 2007, Defendant conducted a conference call with Mr. McGlashan, Sandi Abel of Human Resources, Mr. Chouinard, and Ms. Lamplugh to discuss Mr. McGlashan's disciplinary memo, and his complaint of race discrimination. Ms. Abel merely told Mr. McGlashan that Defendant's executives were "not racists" and that Defendant was committed to a diverse workforce. Defendant failed to otherwise initiate an investigation into Mr. McGlashan's complaint of race discrimination.

(d) On April 12, 2007, only two weeks after lodging his complaint of race discrimination, Defendant terminated Mr. McGlashan from his employment after four (4) years

of previously unblemished service. Mr. McGlashan was replaced by a white employee, who had been hired a week prior to his termination.

9. The unlawful employment practices complained of in paragraphs 7 and 8 above were intentional.

10. The unlawful employment practices complained of in paragraphs 7 and 8 above were done with malice or with reckless indifference to the federally protected rights of Patrick McGlashan.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of race and/ or retaliation.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities and which provide for a work environment free of discrimination, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to institute and carry out anti-discrimination policies and complaint procedures.

D. Order Defendant Employer to institute and carry out complaint procedures which encourage employees to come forward with complaints regarding violations of its policies against race and retaliation discrimination.

E.    Order Defendant Employer to institute and carry out a training program which shall promote supervisor accountability imposing on all managers and supervisory personnel a duty to actively monitor their work areas to ensure compliance with policies on non-discrimination; and requiring all managers and supervisors to report any incidents and/or complaints of discrimination of which they become aware to the department charged with handling such complaints.

F.    Order Defendant Employer to make whole Patrick McGlashan by providing appropriate back pay and front pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

G.    Order Defendant Employer to make whole Patrick McGlashan by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7 and 8 above, including, but not limited to out-of-pocket losses, in amounts to be determined at trial.

H.    Order Defendant Employer to make whole Patrick McGlashan by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 7 and 8 above, including pain and suffering, humiliation, embarrassment, loss of life's enjoyment and pleasures, depression, anxiety and inconvenience, in amounts to be determined at trial.

I.    Order Defendant Employer to pay Patrick McGlashan punitive damages for its malicious and reckless conduct described in paragraphs 7 and 8 above, in amounts to be determined at trial.

J.  Grant such further relief as the Court deems necessary and proper in the public interest.

K.  Award the Commission the costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

          Ronald S. Cooper
          General Counsel

          James L. Lee
          Deputy General Counsel

          Gwendolyn Young Reams
          Associate General Counsel
          Washington, D.C.
          EQUAL EMPLOYMENT OPPORTUNITY
          COMMISSION

*/s/ Jacqueline H. McNair* (JHM)
JACQUELINE H. MCNAIR
Regional Attorney

*/s/ Judith A. O'Boyle*
JUDITH A. O'BOYLE
Supervisory Trial Attorney

*/s/ Rachel M. Smith*
RACHEL M. SMITH
Trial Attorney
U.S. EEOC, Philadelphia District Office
801 Market Street, Suite 1300
Philadelphia, PA 19107
(215) 440-2642 (direct)
(215) 440-2848 (fax)

8